Evans, J.
This case is submitted on a demurrer to the indictment, and, among other things, the question is raised as to whether the words and discourse written and sent to said judges, if done by the defendant, are sufficient to state the crime of endeavoring to corruptly influence the judges, of said court in the discharge of their duty in the decision of said case then pending before them.
The indictment is drawn under Section 6907, Revised Statutes, which provides, among other things, that whoever corruptly endeavors to influence an officer in any court of this state, in the discharge of his duty, shall be fined, etc.
The words and discourse alleged to have been written and delivered to said judges, are as follows:
“I note by the papers that Slater v. Johnson case is up to you. I am a republican, as you gentlemen are, and I hope I am a good citizen, and I would not even suggest to you that you should in any manner violate your oaths of office, or in any manner stultify themselves in this or any cause of action that comes before you. But I would suggest that it is your duty to search *207 very diligently to find a lawful reason to prevent such a man as Mark Slater going back into the office he has abused and disgraced — from which, there is not the least doubt in this world, he has stolen thousands of dollars. The man has no moral perception and seems to believe that he has a perfect right to graft all he might on the side. The republican party, as you are well aware, has load enough to carry for the present withoutdoading up again with a Slater. Yours Respy.,
“E. T. Ryan.”
The' question here is, do said written words and discourse to the disparagement of said Mark Slater, amount in law to a corrupt endeavor to influence said officers in their decision in said pending’ ease ?
It will be observed that the indictment charges expressly that the written words and discourse to the disparagement of said Slater, plaintiff in said cause, constitutes the matter therein that was written for the corrupt purpose of influencing said officers in their said decision in said case. This being specifically so charged eliminates the other matter so written, and, in fact, the remaining .part could not so operate.
Corruption is defined by Bouvier to be—
“An act done with an intent to give some advantage inconsistent with official duty and the rights of others. ’ ’
Anderson defines it as—
“An act done with intent to gain an advantage not inconsistent with official duty and the rights of others; something forbidden by law. ’ ’
It is said in I Bishop on Criminal Law — •
“It is in like manner punishable at the common law to endeavor, by indirect means, to influence the judge or jury concerning the merits of a cause on trial or on the eve of trial; as by circulating papers respecting its merits.”
So that the whole question here is narrowed down to a consideration of the fact whether the objectionable matter, written 'in disparagement of said Slater, concerns the merits of said case. That is, could the question of the character of Slater be an ele *208 ment or issue iu said case, and could it therefore be a matter for consideration of said coiirt in deciding the issues of said cause on its merits.
Prosecuting Attorney, for plaintiff.
Marriott, Belcher & Connor, for defendant.
While the indictment does not, of course, set forth what the issues in said pending case were, yet it does show that said case was? a civil and not a criminal ease, and it further shows that said Slater was not as an individual a party to said case. The state was the party plaintiff, aiml said Slater the relator, as any other might have been who might bring the action in the name of the state on relation.
So that, as laid down by I G-reenleaf, Sections 54 and 55, and other authorities, the character of said Slater could not have been an issue in said case, and whether his character was good or bad could have had no influence on the court in deciding said case, because that had nothing to do with the merits of the case.
While the writing of such a discourse to a judge is the height of impropriety, and might subject such person on a proper hearing to famishment for eontemjrt of court — a matter, however, upon which I do not here exjmess an opinion — I am of the ojiinion, for the reasons above stated, that it does not state a crime under the joenal statute above cited.
It is not necessary to joass on the other objections made, and for the above reasons, the demuirrer to the indictment is sustained.